Morning is number 06-1565, Postx Corporation v. Secure Data. Mr. Cooper. My name is John Cooper. I'm speaking on behalf of the appellant of Secure Data in Motion. I will also refer to Secure Data in Motion as its common name, which is SIGAVA. The District Court below committed error in granting summary judgment on SIGAVA's antitrust claims under PREI. Professional Real Estate Investors v. Columbia Pictures. The first error that I would like to address your attention to is stated on page 24 and 25 of the record, where the District Court below held that pre-filing investigation is irrelevant to a PREI investigation. I quote from the District Court. The PREI opinion neither references nor expressly adopts the Rule 11 requirement that an attorney must represent to the court that a filing is based on a reasonable inquiry and thus it does not appear that Postx investigation is material to the PREI inquiry. And then on page 25, the Court says, quote, For the reasons stated above, the Court does not consider Postx pre-filing investigation material to the PREI analysis. I submit that that is a reversible error. Well, but the question is whether the litigation is sham. If there is or is not other evidence, you're saying that unless there is a particular investigation, one that would violate Rule 11? My contention, Your Honor, Judge Newman, is that unless there is an adequate pre-filing investigation, a plaintiff cannot possibly have probable cause to file a lawsuit. In PREI, the Court made clear that they were talking about whether or not the plaintiff had probable cause to institute a lawsuit. And they talked about whether or not the plaintiff had probable cause to sue. No, the question is whether it's sham, not whether there's probable cause. But without probable cause, you cannot test objectively baseless. PREI, the Supreme Court in PREI, equated probable cause with the analysis of objectively baseless. So if it should turn out now from our position of having seen a lot more than was there at the time, perhaps, that it was filed, that it is not objectively baseless, your theory is that nonetheless the PREI was violated? That's right. That's exactly right. Because you're an eye dresser. You're saying if it's not objectively baseless, in fact, nonetheless it's sham? In fact. In fact. There is nothing that's been established in this record that they might later determine that it was in fact, that there was in fact probable cause. In fact, we won summary judgment on infringement below. Your Honor was on the panel. And it was approved here. And there is no infringement. There is no factual analysis that has changed at all. They have come up, the post text has come up with some post hoc analysis claims constructions, which I believe, Your Honor, are rejected by PREI. But you're going to the merits of whether it was or is in fact, or was not objectively baseless. But I thought you were telling us that it must nonetheless be deemed sham whether or not it was objectively baseless, in fact. Your Honor, if the facts remain the same and it was objectively baseless at the time it was filed, then it remains objectively baseless and cannot be cured by a later hypothetical construction or positive construction. The facts in this case have never changed. There was no probable cause at the time it was filed. There's no showing by post text. They don't even make an argument that they did an adequate pre filing factual investigation. Mr. Cooper, I want to ask you about the antitrust conspiracy. Why you think there are two independent entities here? Because one is a shareholder. In any event, they're not competitors. And isn't that a controlling factor? How are the antitrust laws violated? And how is competition benefited when these parties are not competitors? Your Honor, we have cited and argued in our brief that competition is not a necessary factor to determine that they are independent economic entities. In the Copperwell opinion, it only held— It's a reasonable factor. It is a sufficient factor, but it's not a necessary factor. And, Your Honor, the argument that we make that the Court erred is that the Court resolved disputed facts on the issue of independent economic units. And the Court— You mean there's a genuine issue as to whether they were competitors? That's right, Your Honor. That's exactly right. And that is addressed— In what field did they compete? One is a venture capital company. No. The exhibit, which is at page 3482 of the record, the Court analyzed that and quoted from it at page 10 of the record. And the Court found that as a matter of law, that the Court declined to adopt the broader holding that would suggest that a corporate director and shareholder that he or she represents are always shielded under the intercorporate conspiracy doctrine. So the judge ruled that it was not—she was not ruling as a matter of law and went on to recite the fact-specific inquiry, then addressed the specific email, which is 3482 in the record. And the judge said at page 8 of the record, weighing—these facts weigh in favor of finding that Postex and Mayfield shared a common interest. In fact, that document would have allowed a jury to find that Mayfield invested in both Postex— They have a common interest because one was invested in the other. But Mayfield was a minority shareholder. We cited substantial cases that say a minority shareholder, a minority subsidiary, can conspire with a parent. But also Mayfield, as this document, 3482, shows, Mayfield invested in both Postex and Boldfish. Postex and Boldfish are competitors because in that exhibit it makes reference to which could better serve Schwab. They competed for the business for email at Schwab. I don't understand. I'm a little unclear. What exactly do you allege Mayfield did in bringing the suit? Mayfield conspired with Postex to agree to file a sham patent case. Before Mr. Morgan had been appointed to the board of Postex, he agreed with Mr. Thomas to file a patent case based upon their counteroffensive. To attack Sagaba in the event that the Bank of America account was achieved by Sagaba. The second, the Bank of America account was achieved, they filed a lawsuit without any pre-filing investigation to stop Sagaba in the market. They conspired to do that, and then they postdated Mr. Morgan back onto the Postex board arguing that, well, they ratified everything he did. But if Postex and Mayfield entered into a conspiracy to file a sham patent case in violation of the antitrust laws, the law of California is that a retroactive approval of a board member cannot ratify an illegal act. And that conspiracy between a minority owner, namely Mayfield, and Postex to file a sham case without any pre-filing investigation was an antitrust violation. It was done for the purpose of injuring Sagaba in the market. And that theory is predicated on it being a sham case. That's right. Let's go back to Judge Newman's earlier question. I didn't understand your brief as challenging the district court's determination that the suit was not objectively baseless. We did, Your Honor. We did challenge that. Can you show me in the brief where you make that argument? It's in one of our footnotes in our reply brief. Can we start with the blue brief? Do you make an argument in the blue brief that the court's determination that the suit was not objectively baseless was incorrect? We responded to it in our reply brief in a footnote. And, Your Honor, we made that argument in the summary of our argument on pages 15 and 16. Just the summary? Pardon me? No, no, in our argument as well. Yes, it's on footnote 1 of page 1 of our reply brief where we addressed that Post X suggests that Sagaba does not challenge the district court's substantive determination of probable cause. And, indeed, we have constantly challenged the substantive determination of probable cause. And we believe that the Federal Circuit's opinion… Excuse me, you didn't provide very good evidence of it just now, having to go to footnote in the reply brief. …that substantive determination that probable cause existed. Well, Your Honor, we cite that there is a substantial dispute in the evidence as to whether Post X did any pre-filing investigation at all. And Post X cites at most to page 10 of their brief that for the 688 patent they only reviewed a white paper. And they make no effort whatsoever to establish that they did an adequate pre-filing investigation. And I believe that the opinions of this Federal Circuit in QFARMA, in Juden v. the United States, and in VIEW Engineering dictates reversal of the entry of summary judgment below. Because pre-filing investigation is absolutely mandatory to have, to establish that a claim has probable cause. But I don't, I guess, are you saying that our caseload says that there's a violation here if there's no pre-filing investigation, notwithstanding whether or not the claim was objectively baseless? Are you saying that even if it was, let's assume that it was not objectively baseless, are you still suggesting there could be a violation here? Your Honor, I'm saying that that's right, that objectively baseless analysis and probable cause are one and the same. That is what PRAI held, and I believe that that's what this Court has held in QFARMA. And without an adequate pre-filing investigation, a plaintiff cannot possibly have the factual basis for probable cause, and therefore it would be objectively baseless. And this Court has said in Juden v. the United States that you cannot come back and make a colorable argument later on and cure a Rule 11 violation, because the test is at the time you sue, not later. And I would submit to Your Honor that in PRAI, where the Court referenced Rule 11 for the analysis where it reached its decision, that it is indeed the Rule 11 analysis and the objectively baseless analysis are one and the same. And I believe that that's what this Court held in QFARMA. Let's hear from the other side. Thank you. I would like to reserve a few minutes to respond. Thank you. Mr. Cerullo. Please, the Court. I'd like to start first on the issue of whether a pre-filing investigation is required before a case can be found not to be objectively baseless. The Supreme Court in PRAI made it clear that if the predicate facts are undisputed, then the Court can decide the issue, objective baselessness, on summary judgment. And you don't get to subjective motivation unless and until you find that the case was objectively baseless. And the Court made it clear that it's not what the defendant, a trust defendant, thinks about the case. It's what the Court thinks about the case. So in a sense, my argument is that when the Court made that statement, it's what the Court thinks about the predicate facts, not what the defendant thought about them. It essentially ruled out the requirement to have a pre-filing investigation because that gets into what the defendant thought about the case. There's some excellent language in a Supreme Court Ninth Circuit case that we cited, Sheldon Appel, on this very issue with respect to probable cause. It says specifically, and this is cited in our brief, Sheldon Appel, Rule 11 does not apply because the objective tenability of the claim is the focus of the probable cause inquiry. Does that claim objectively tenable or not? Forget about what the defendant thought about it. Consideration of a pre-filed investigation, the Court goes on to say, is fundamentally incompatible with the objective nature of the probable cause inquiry. That's our argument. The fact that P.R. Yammer referred to Rule 11 was only in the context of whether or not the cause of action that the copyright infringement claim had brought had a reasonable basis in law. It had nothing to do with investigating the facts. And I think once you go down that slope of pre-filing investigation as material, you're going to have the problem, I think, that Your Honor was referring to. You're going to have a case that's objectively baseless, but at the same time, the plaintiff has to do a reasonable Rule 11 inquiry. So what's the decision? They would say, you have to look at that, and if they didn't do a reasonable inquiry, then the case cannot be held to be objectively baseless, even though the facts indicate that. That, we submit, is dead wrong. It's not the Supreme Court. The assigned whether there was a pre-filing investigation is irrelevant to whether it's objectively baseless. Correct. And if the court was correct. It only relates to subjective motivation? Precisely. You don't get to that unless and until you first determine that the case was not objectively baseless. In fact, that same- Doesn't it relate to good faith? Which is not objective? Does it relate to good faith? Well- Or is good faith all subjective? I think we have to go with what the Supreme Court said in PREI. They said this very, very clearly and unequivocally, that it's not what the defendant thought about the case. It's what the court thinks about the predicate facts. And I might also comment on the Kew Pharma case, because I think that was misinterpreted by Mr. Cooper. The Kew Pharma case had a Rule 11 violation issue, as well as a sham litigation issue. What happened there was Kew Pharma filed a litigation based on advertising material in journals, just as we did in our case. As the case got along, Kew Pharma wanted to get more information about the specific ingredients, the composition of one ingredient. They didn't get that from journals until journals filed a motion for certain judgment, which they laid out what the composition was. At that point, Kew Pharma dismissed the case with prejudice. No infringement. What about conspiracy, whether or not they have to be competitors, whether they can conspire one shareholder with the company in which it owns shares, even though they're not competitors? Your Honor, I think the Ninth Circuit disposed of that. I think that is also patrolling law. This is the Freeman case that we cited in our brief. Freeman v. San Diego. When it's analyzing what are the necessary requirements for finding a corporate conspiracy, they look at the case law because they're trying to analyze what are the principles. And they point out that the cases have required, instead of the constituent entities being neither actual nor potential competitors. So they're saying that you have to have economic unity. If you have that, then you have no experience because you haven't got more than one party. Likewise, if the parties who are alleged to be conspiring are neither actual nor potential competitors, then you have no antitrust violation. But your view would be if we affirm the district court judge on the objectively baseless determination, do we have to reach the conspiracy issue? That was my next point, Your Honor. If you affirm that there's no sham litigation, then obviously there was no illegal contract because they were just agreeing to bring a lawsuit on a patent which patent rights provide to the patent. And if that action was not illegal, then I think that takes care of the Department of Conspiracy. No conspiracy to perform a legal act. Exactly. That's no antitrust violation. Yes, Your Honor. And Mr. Cooper also mentioned that there was a – that the case was filed when the patent official was sued. The claim constructions that were advocated by Post-Its at that time and this court, Your Honor, reviewed that and concluded that there was no infringement. There was no infringement. Mr. Cooper is arguing that those claim constructions that we advocated at that time are the only claim constructions you can consider for objective baseless analysis. I don't know where he got that from. There's no case that says that. Objectivity baseless requires you to look at the situation at the time the lawsuit was filed and the problem of course is, is there a reasonable basis to believe that the claim would be held valid? A reasonable basis, if you have a reasonable claim construction, which was submitted here after this panel, after this court affirmed a certain judgment on infringement. Additional claim constructions were submitted to the district court through an expert witness. And she found that they were reasonable and because those claim constructions would support a holding of infringement, the case was not objective baseless. St. Gamba would have you reject the antitrust defendant having any opportunity to look at other claim constructions besides the one that was submitted when the case was first filed. There's no case law that says that. It seems to me it clearly would violate the concept of objective baselessness and probable cause. A reasonable litigant would consider it. A reasonable litigant would try to make some reasonable claim constructions. The district court concluded that the claim constructions which we submitted in connection with the Black Hope proposal this year, the litigation, were reasonable and they supported a holding of infringement. Any more questions for Mr. Cirola? Thank you, Mr. Cirola. Thank you. There were a number of other counts that Mr. Cooper didn't get into. If he didn't get into it, then we'll review whatever needs to be reviewed on the briefs. He won't be able to get into them now, so you may as well leave it on the briefs. If that's all right with you. He can only rebut what you said. And what you didn't say can't be rebutted. Thank you, Mr. Cirola. Mr. Cooper. With regard to Mr. Cirola's comments about subsequent constructions, I address the court's attention to Q Pharma where the court said at a very minimum that the pre-filing investigation under Rule 11, which I submit is the same as the objective baseless probable cause analysis under PRAI, that at the very minimum, this court said, it requires that an attorney interpret the asserted patent claims and compare them to the accused product. Now, they don't even argue that that occurred in this case. Well, what do you make of the language in PRA which talks about a two-part definition of sham litigation? And it's one part being the objective and one part being the subjective motivation. I believe that the objective analysis is what the Rule 11 analysis is, that a party has to have a probable cause basis to file the action. It is not the policy of this court or of our legal system that you can file a patent action without any understanding of the facts from a pre-filing investigation and then hope that you find some later. And as this court said in Juden v. – But the standard that they talk about says no reasonable litigant. It's not subjective. It's no reasonable litigant. But how in the world could any reasonable litigant have probable cause to file a patent infringement action if they didn't do a pre-filing investigation? Because the probable cause has both factual and legal aspects. And the reasonable plaintiff that to expect success must have a factual basis to assert those claims. And without a reasonable investigation pre-filing, they could not possibly have a factual basis to assert those claims. And that's what this court held in Kew Pharma, in Juden, and in Vue Engineering. And the court said in Juden that you cannot come back with a colorable argument later on. And PREI said it is tested at the time of filing, prior to suit, prior to instituting the lawsuit. And PREI cited Director General of the Railroads. Now we're over time. Mr. Cooper, is there a final word that you must give us? My final word is that in PREI, there was no factual dispute. It was purely a question of law. In Sheldon v. Appel, that Mr. Cirillo cited, there was no factual dispute. It was purely a question of law. In this case, there's a factual dispute indeed. Post-ex chief technical officer said, admitted, that there was no merit to this lawsuit when it was filed. That was a fact, a dispute of fact, in that admission that should have gone to the jury. That's in your briefs, is it not? Yes, ma'am. All right, the case is under submission. Thank you.